**United States District Court**
**District of Massachusetts**

04 - 12099 GAO

SHERWIN COOPERSTEIN, BY
ALICE COOPERSTEIN POA, AND
ALICE COOPERSTEIN

vs.

ROBERT DAVIS, M.D. AND
CAPE COD HEALTH CARE, INC.

: CIVIL ACTION NO.

MAGISTRATE JUDGE Colon

:

:

: SEPTEMBER 2¼, 2004

RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. tom
DATE 9/30/04

**Complaint**
**Jurisdiction and Venue**

1.     The plaintiff, Sherwin Cooperstein, is a citizen of the State of Connecticut. His

interests in this matter are represented by his wife, Alice Cooperstein, who holds power of

attorney ("POA").

2.     The plaintiff, Alice Cooperstein is a citizen of the State of Connecticut.

3.     The defendant, Robert Davis, M.D. ("Davis") , is a citizen of the

Commonwealth of Massachusetts.

4.     The defendant, Cape Cod Health Care, Inc. ("CCHC"), is a non-profit

corporation organized under the laws of the Commonwealth of Massachusetts, with a principal

place of business in Hyannis, Massachusetts.

5.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6.      Jurisdiction of this Count is based on diversity of citizenship, 28 U.S.C. 1332.

7.      Venue is this district is based on 28 U.S.C. 1391.

**FIRST COUNT:**

1.      Plaintiff, Alice Cooperstein, is the wife of plaintiff, Sherwin Cooperstein, and is acting herein on his behalf by virtue of POA.

2.      The plaintiff, Alice Cooperstein, is also acting herein on an individual basis, seeking damages for loss of consortium.

3.      At all times relevant to this action, the defendant, Davis, was a physician licensed in the Commonwealth of Massachusetts with a specialty of internal medicine.

4.      On June 22, 2003, the defendant, Davis, was on duty as an attending physician at the Emergency Department of Falmouth Hospital in Falmouth, Massachusetts.

5.      On June 22, 2003, and for some time prior to that date, Falmouth Hospital, among other health care facilities, was owned, operated, managed and controlled by the defendant, CCHC.

6.      On June 22, 2003 at approximately 7:00 p.m., plaintiff, Sherwin Cooperstein, entered the Emergency Department at Falmouth Hospital suffering from a nose bleed.

7.     Upon his admittance to the Emergency Department, the plaintiff, Sherwin Cooperstein, came under the care of defendant, Davis, as well as other nurses, physicians and professional staff of Falmouth Hospital.

8.     Plaintiff, Sherwin Cooperstein, remained at the Emergency Department of Falmouth Hospital from approximately 7:00 p.m. until sometime after 12:04 a.m. on June 23, 2003, when he was transferred to Brigham & Women's Hospital in Boston, Massachusetts.

9.     During the time plaintiff, Sherwin Cooperstein, was in the Emergency Department of Falmouth Hospital, he was hypotensive for an extended period of time.

10.     As a result of the extended period of time during which plaintiff, Sherwin Cooperstein, was hypotensive, he suffered a severe decline in mental function which is permanent in nature.

11.     In his care and treatment of the plaintiff, Sherwin Cooperstein, the defendant, Davis, deviated from the standard of care in that he failed to recognize and properly treat plaintiff, Sherwin Cooperstein's, hypotensive condition.

12.     As a result of the deviation from the standard of care by defendant, Davis, the plaintiff, Sherwin Cooperstein, has been caused damages including a severe decline in mental function.

13.     As a further result, the plaintiff, Sherwin Cooperstein's, ability to enjoy life and carry on his usual activities, hobbies and recreations has been impaired or destroyed.

14.     As a further result, plaintiff, Sherwin Cooperstein, has incurred considerable sums for hospital and medical care, nursing care, therapy, and the like, and will likely incur further such expenses in the future.

15.     As a further result, the plaintiff, Alice Cooperstein, has been caused loss of her husband's services, society, companionship and friendship.

**SECOND COUNT:**

1-10.   Paragraphs 1 through 10 of the First Count are hereby incorporated and made Paragraphs 1 through 10 of this Second Count, as if fully set forth herein.

11.     In their care and treatment of the plaintiff, Sherwin Cooperstein, the employees and staff of defendant, CCHC, deviated from the standard of care in that they failed to recognize and properly treat plaintiff, Sherwin Cooperstein's, hypotensive condition.

12.     As a result of the deviation from the standard of care by the employees and staff of defendant, CCHC, the plaintiff, Sherwin Cooperstein, has been caused damages including a severe decline in mental function.

13-15.  Paragraphs 13 through 15 of the First Count are hereby incorporated and made Paragraphs 13 and 15 of this Second Count, as if fully set forth herein.

Plaintiff, Sherwin Cooperstein, acting herein by plaintiff, Alice Cooperstein, POA,

demands $1,000,000.00 in compensatory money damages.

Plaintiff, Alice Cooperstein, individually, demands $500,000.00 in money damages.

Plaintiffs demand a trial by jury.

PLAINTIFFS
SHERWIN COOPERSTEIN,
BY ALICE COOPERSTEIN POA,
AND ALICE COOPERSTEIN


BY _____
Rosemary A. Macero
BBO #544271
Macero & Associates, P.C.
One Thompson Square #301
Boston, MA  02129
(617) 242-5000
Their Attorney
ram@macerolaw.com