FILED
CLERKS OFFICE

'05 JAN -5 P 1:13

DISTRICT OF MASS.

United States District Court
District of Massachusetts

| | |
|---|---|
| SHERWIN COOPERSTEIN, BY<br>ALICE COOPERSTEIN POA, AND<br>ALICE COOPERSTEIN | : CIVIL ACTION NO.<br>  04-12099 GAO |
| vs. | : |
| ROBERT DAVIS, M.D. AND<br>CAPE COD HEALTH CARE, INC. | : JANUARY 3, 2005 |

## AMENDED COMPLAINT

### Jurisdiction and Venue

1. The plaintiff, Alice R. Cooperstein, is Executor of the Estate of Sherwin J. Cooperstein, who died on November 16, 2004.

2. The plaintiff, Alice Cooperstein is a citizen of the State of Connecticut.

3. The defendant, Robert Davis, M.D. ("Davis"), is a citizen of the Commonwealth of Massachusetts.

4. The defendant, Cape Cod Health Care, Inc. ("CCHC"), is a non-profit corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business in Hyannis, Massachusetts.

5. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. Jurisdiction of this Count is based on diversity of citizenship, 28 U.S.C. 1332.

7. Venue is this district is based on 28 U.S.C. 1391.

**FIRST COUNT:**

1. The plaintiff, Alice R. Cooperstein, is Executor of the Estate of Sherwin J. Cooperstein, who died on November 16, 2004.

2. The plaintiff, Alice Cooperstein, is also acting herein on an individual basis, seeking damages for loss of consortium.

3. At all times relevant to this action, the defendant, Davis, was a physician licensed in the Commonwealth of Massachusetts with a specialty of internal medicine.

4. On June 22, 2003, the defendant, Davis, was on duty as an attending physician at the Emergency Department of Falmouth Hospital in Falmouth, Massachusetts.

5. On June 22, 2003, and for some time prior to that date, Falmouth Hospital, among other health care facilities, was owned, operated, managed and controlled by the defendant, CCHC.

6. On June 22, 2003 at approximately 7:00 p.m., plaintiff's decedent entered the Emergency Department at Falmouth Hospital suffering from a nose bleed.

7. Upon his admittance to the Emergency Department, plaintiff's decedent came under the care of defendant, Davis, as well as other nurses, physicians and professional staff of Falmouth Hospital.

**SACK, SPECTOR AND KARSTEN, LLP** • *ATTORNEYS AT LAW*
836 FARMINGTON AVE., SUITE 221• WEST HARTFORD, CT 06119-1544• (860) 233-8251• JURIS NO. 52776

8. Plaintiff's decedent remained at the Emergency Department of Falmouth Hospital from approximately 7:00 p.m. until sometime after 12:04 a.m. on June 23, 2003, when he was transferred to Brigham & Women's Hospital in Boston, Massachusetts.

9. During the time plaintiff's decedent was in the Emergency Department of Falmouth Hospital, he was hypotensive for an extended period of time.

10. As a result of the extended period of time during which plaintiff's decedent was hypotensive, he suffered a severe decline in mental function which is permanent in nature.

11. In his care and treatment of plaintiff's decedent, the defendant, Davis, deviated from the standard of care in that he failed to recognize and properly treat plaintiff's decedent's hypotensive condition.

12. As a result of the deviation from the standard of care by defendant, Davis, plaintiff's decedent was caused to sustain damages, including a severe decline in mental function.

13. As a further result, plaintiff's decedent's ability to enjoy life and carry on his usual activities, hobbies and recreations was impaired until his death.

14. As a further result, plaintiff's decedent, incurred considerable sums for hospital and medical care, nursing care, therapy, and the like.

15. As a further result, the plaintiff, Alice Cooperstein, has been caused loss of her husband's services, society, companionship and friendship.

**SECOND COUNT:**

1-10. Paragraphs 1 through 10 of the First Count are hereby incorporated and made Paragraphs 1 through 10 of this Second Count, as if fully set forth herein.

11. In their care and treatment of plaintiff's decedent, the employees and staff of defendant, CCHC, deviated from the standard of care in that they failed to recognize and properly treat plaintiff's decedent's hypotensive condition.

12. As a result of the deviation from the standard of care by the employees and staff of defendant, CCHC, plaintiff's decedent was been caused damages including a severe decline in mental function.

13-15. Paragraphs 13 through 15 of the First Count are hereby incorporated and made Paragraphs 13 and 15 of this Second Count, as if fully set forth herein.

Plaintiff, Alice Cooperstein, Executor of the Estate of Sherwin Cooperstein, demands $1,000,000.00 in compensatory money damages.

Plaintiff, Alice Cooperstein, individually, demands $500,000.00 in money damages.

Plaintiffs demand a trial by jury.

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE., SUITE 221•WEST HARTFORD, CT 06119-1544•(860) 233-8251•JURIS NO. 52776

PLAINTIFFS
SHERWIN COOPERSTEIN,
BY ALICE COOPERSTEIN POA,
AND ALICE COOPERSTEIN

By _____
Gerald S. Sack (#ct05279)
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119
(860) 233-8251
Their Attorney
gsack@sackspec.com

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed on this 3rd day of January to 2005 the following counsel of record:

Edward Hinchey, Esq.
Sloane and Walsh
3 Center Plaza #850
Boston, MA 02108

_____
Gerald S. Sack

- 5 -

| FIDUCIARY'S PROBATE CERTIFICATE PC-450 REV. 8/02 | STATE OF CONNECTICUT COURT OF PROBATE | |
|---|---|---|
| **FROM:** COURT OF PROBATE, DISTRICT OF West Hartford | **DISTRICT NO. 155** | |
| ESTATE OF/IN THE MATTER OF  Sherwin J. Cooperstein, late of West Hartford  (04-0860) | | DATE OF CERTIFICATE *December 17, 2004* *Valid for one year from this date. C.G.S. §45a-200* |
| FIDUCIARY'S NAME AND ADDRESS Alice R. Cooperstein, 10 Hillsboro Dr., West Hartford, CT 06107 | FIDUCIARY'S POSITION OF TRUST Executor | DATE OF APPOINTMENT December 17, 2004 |

*The undersigned hereby certifies that the fiduciary of the above-named estate has accepted appointment, has executed bond according to law or has been excused from executing bond by will or by statute, and is legally authorized and qualified to act as such fiduciary on said estate because said appointment is unrevoked and in full force as of the above date of certificate.*

*Limitation, if any, on the above certificate:*

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this court on the above date of certificate.

...................................................
Judge, Ass't Clerk

**Court Seal**

**NOT VALID WITHOUT COURT OF PROBATE SEAL IMPRESSED**

FIDUCIARY'S PROBATE CERTIFICATE
PC-450