UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHERWIN COOPERSTEIN, BY ) | | |
| ALICE COOPERSTEIN, POA, AND ) | | |
| ALICE COOPERSTEIN, ) | | |
| Plaintiff ) | | CIVIL ACTION |
| ) | | NO. 04-12099 GAO |
| v. ) | | |
| ) | | |
| ROBERT M. DAVIS, M.D. AND ) | | |
| CAPE COD HEALTH CARE, INC., ) | | |
| Defendants ) | | |

**ANSWER OF THE DEFENDANTS, ROBERT M. DAVIS, M.D., AND
CAPE COD HEALTH CARE, INC. TO PLAINTIFFS' AMENDED COMPLAINT**

Jurisdiction and Venue

The defendants, Robert M. Davis, M.D. and Cape Cod Health Care, Inc., hereby responds to the plaintiffs' amended complaint, paragraph by paragraph, as follows:

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiffs' complaint and therefore deny these allegations and calls upon the plaintiffs for proof of the same.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiffs' complaint and therefore deny these allegations and calls upon the plaintiffs for proof of the same.

3. The defendants admit the allegations contained in this paragraph.

    4.       The defendants admit the allegations contained in this paragraph.

    5.       The defendants deny the allegations contained in paragraph.

    6.       The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiffs' complaint and therefore deny these allegations and calls upon the plaintiffs for proof of the same.

    7.       The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiffs' complaint and therefore deny these allegations and calls upon the plaintiffs for proof of the same.

First Count

    1.       The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiffs' complaint and therefore deny these allegations and calls upon the plaintiffs for proof of the same.

    2.       The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiffs' complaint and therefore deny these allegations and calls upon the plaintiff for proof of the same.

    3.       The defendant Robert M. Davis admits that at all relevant times he was a physician licensed to practice in the Commonwealth of Massachusetts.

4.	The defendants admit the allegations contained in this paragraph.

5.	The defendants deny the allegations contained in paragraph.

6.	The defendants admit that on or about June 22, 2003 Sherwin Cooperstein was seen at the Falmouth Hospital.

7.	The defendants admit that among others, and for a finite period of time, the defendant Dr. Davis was involved in providing medical care to Mr. Cooperstein.

8.	On information and belief, the defendants admit that at some point in time Mr. Cooperstein was transferred.

9.	The defendants deny the allegations contained in paragraph.

10.	The defendants deny the allegations contained in paragraph.

11.	The defendants deny the allegations contained in paragraph.

12.	The defendants deny the allegations contained in paragraph.

13.	The defendants deny the allegations contained in paragraph.

14.	The defendants deny the allegations contained in paragraph.

15.	The defendants deny the allegations contained in paragraph.

## COUNT II

1-10.	The defendants reaffirm their responses as set forth in all previous paragraphs.

11.	The defendants deny the allegations contained in paragraph.

12.	The defendants deny the allegations contained in paragraph.

13-15.	The defendants incorporate by reference all previous responses.

WHEREFORE the defendants demand that the plaintiff's complaint be dismissed together with costs and attorneys fees.

### FIRST AFFIRMATIVE DEFENSE

The defendant is a charitable organization and recovery by the plaintiffs are barred or limited pursuant to General Laws, Chapter 231, Section 85K.

### SECOND AFFIRMATIVE DEFENSE

Any recovery by the plaintiffs are barred or must be reduced in accordance with the comparative negligence of the plaintiffs pursuant to Mass. Gen. Laws Ch. 231B.

### THIRD AFFIRMATIVE DEFENSE

The acts complained of were not committed by a person for whose conduct the defendants were legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' complaint fails to state a claim against the defendants upon which relief can be granted pursuant to Mass. R. Civ. P. 12(b)(6).

### FIFTH AFFIRMATIVE DEFENSE

This action is barred by operation of the applicable Statute of Limitations.

### SIXTH AFFIRMATIVE DEFENSE

Any recovery by the plaintiff is controlled by the medical malpractice statute.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff having been informed of the risks involved consented to the medical procedures.

### EIGHTH AFFIRMATIVE DEFENSE

The defendants request, pursuant to M.G.L. c. 231, §60B, that a medical malpractice tribunal be convened within 15 days to afford the plaintiffs an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

      **THE DEFENDANTS RESERVE THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON COMPLETION OF DISCOVERY.**

      **THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS AND ISSUES.**

      Respectfully submitted,
ROBERT M. DAVIS, M.D. and
CAPE COD HEALTH CARE, INC.,
By its attorneys,

  /s/ Edward T. Hinchey
Edward T. Hinchey, BBO #235090
Sloane & Walsh, LLP
3 Center Plaza
Boston, MA  02108
(617) 523-6010

Dated: April 8, 2005

CERTIFICATE OF SERVICE

     I, Edward T. Hinchey, counsel for defendant, do hereby certify that on April 7, 2005, I caused to be served a true copy of the foregoing upon the parties by mailing same, postage prepaid, first class mail, to their counsel of record:

Rosemary A. Macero, Esq.
Macero & Associates, P.C.
One Thompson Square #301
Boston, MA  02129

Gerald S. Sack, Esq.
Sack, Spector & Karsten, LLP
536 Farmington Avenue, Suite 221
West Hartford, CT  06119

                                                        /s/ Edward T. Hinchey
                                                        Edward T. Hinchey

S:\COOPERSTEIN, SHERWIN V. CAPE COD HEALTH CARE - CH-866-9069\Pleadings\Discovery\Answer to AMENDED Complaint 04-05-05.doc